IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
August 8, 2005

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| BARNSCO, INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION 3-04-CV-2017-R |
| | § | |
| CONTINENTAL CASUALTY CO. | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is *Defendant Continental Casualty Co.'s Motion to Dismiss Pursuant to Rules 12(b)(7) for Failure to Joint a Party Under Rule 19.* For the reasons discussed below, Defendant's Motion is **DENIED.**

### I. BACKGROUND

The undisputed background facts as set forth in Defendant's motion are as follows. Barnsco, Inc. ("Barnsco" or Plaintiff) entered into multiple contract with Clifton Concrete Company ("Clifton") to supply materials to multiple projects in and around the Dallas area. Ratcliff Constructors, L.P. ("Ratcliff") was the general contractors on the projects. On each such project, Ratcliff entered into a contract with Clifton, for Clifton to perform as a subcontractor. The substance of those contracts is not in dispute. Clifton entered into a contract with Plaintiff, as a supplier to a first-tier subcontractor, to supply materials to each of the projects. Since the Projects were public work projects, Ratcliff, as the principal, executed payment bonds for the projects. Defendant Continental Casualty Company ("Continental Casualty" or Defendant) is the surety on the bonds. Plaintiff was not completely paid for the work it performed. Plaintiff alleges a balance of $72, 456.79 is owned to it. Plaintiff sued Defendant, and not Ratcliff or Clifton. Ratcliff, Clifton and Plaintiff are Texas citizens. Defendant argues that Ratcliff and Clifton are necessary and

indispensable parties upon whom the court cannot join without destroying its jurisdiction.

## II.     RULE 19 ANALYSIS

Rule 19 of the Federal Rules of Civil Procedure explains when a court should join a party. "The purpose of Rule 19 is 'to permit joinder of all materially interested parties to a single lawsuit so as to protect the interested parties and avoid waste of judicial resources.'" *Cross Timbers Oil Co. v. Rosel Energy*, 167 F.R.D. 457, 459 (D.Kan.1996) (citation omitted). Under Rule 19(a), a party should be joined, when feasible, if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  Fed.R.Civ.P. 19(a).  If the court determines that such a party should be joined, but that joinder is not feasible because it would deprive the court of jurisdiction over the suit, the court must determine if "the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b).  The Rule sets out a list of factors the court must consider in deciding whether a party is indispensable. They are: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

Defendant argues that without the joinder of Clifton, complete relief is not possible among

the existing parties. Specifically, Defendant argues that without Clifton in the lawsuit Defendant will be unable to determine whether Clifton had legitimate reasons for allegedly failing to pay Plaintiff the monies it is due under the contract. Defendant also argues that without the joinder of Clifton it will be forced to initiate a second lawsuit against Clifton to recover the amount of a judgment, in any, in this suit. This argument is incorrect. Under Rule 19, only if "complete relief cannot be accorded *among those already parties"* will the non-party be necessary. *See James v. Valvoline, Inc.,* 159 F.Supp.2d 544, 554 (S.D.Tex. 2001) (emphasis added). This is so because under Texas law, Defendant is potentially jointly and severally liable to the Plaintiff. *See R.P. Farnsworth & Co., Inc., v. Globe Marble & Granite Corp.,* 250 F.2d 636, 637 (5th Cir. 1958). Texas Government Code, section 2253.073 expressly states that "[a] payment bond beneficiary who has provided public work labor or material under a public work contract for which a payment bond is furnished...may sue the principal or surety, jointly or severally ,on the payment bond..."

Defendant also argues that Clifton is a necessary party because Clifton has a legally protected interest in the outcome of the litigation. Defendant states that there is potential for inconsistent obligations if Clifton is not added as a party. But this argument also fails.

> [Rule 19] focuses upon subjecting a present party, here [Barnsco or Continental Casualty], to inconsistent obligations because a party is missing. However, because [Continental Casualty] and the non-parties who could also be liable to [Continental Casualty] or the Plaintiff [are potentially jointly and severally liable] they need not be joined in a single lawsuit...Indeed, a defendant who may be entitled to contribution or indemnity cannot be subjected to double or multiple obligations since his liability is several for the entire amount.

*James*, 159 F.Supp.2d at 551-552 (quotes and internal citations omitted).

Because the Court concludes that Clifton and Ratcliff are not necessary parties under Rule 19, it does not consider whether their joinder is feasible or whether they are indispensable parties under Rule 19(b).

## III.  CONCLUSION

As set forth in detail above, the Court **ORDERS** that Defendant's Motion to Dismiss is **DENIED.** An amended scheduling order shall be issued.

**It is so ORDERED.**

**Signed: August 8 , 2005.**

_____
**JUDGE JERRY BUCHMEYER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**